**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4833

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARVIN BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-01-60)

Submitted: February 14, 2005          Decided: March 4, 2005

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Megan J. Schueler, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Marvin Brown appeals the district court's order revoking his supervised release and imposing a term of eighteen months of imprisonment. Because we find no merit to Brown's argument on appeal, we affirm.

Brown asserts, as he did before the district court, that the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), invalidated the entire Sentencing Reform Act and therefore the district court did not have authority to impose or revoke any term of supervised release. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the Blakely decision to the federal sentencing guidelines and concluded that the Sixth Amendment is violated when a district court imposes a sentence under the Sentencing Guidelines that is greater than a sentence based solely upon facts found by the jury. Booker, 125 S. Ct. at 752-56. Rather than totally invalidating the Guidelines, however, the Court held that the Guidelines are no longer binding on the district courts, but are advisory only. To effectuate this remedy, the Court severed two provisions of the Sentencing Reform Act (18 U.S.C. § 3553(b)(1), requiring sentencing courts to impose a sentence within the guideline range, and 18 U.S.C. § 3742(e), setting forth standards of review on appeal). Sentencing courts are now required to consider the applicable guideline range, but

may "tailor the sentence in light of other statutory concerns . . . ."  Booker, 125 S. Ct. at 757.

We conclude that Booker provides Brown no grounds for relief.  First, contrary to Brown's argument, the Supreme Court did not totally invalidate the Sentencing Reform Act, but in fact left the great majority of the Act's provisions intact and legally effective.  Booker, 125 S. Ct. at 764 ("The remainder of the Act 'function[s] independently.'").  More specifically, the provision of the Act that governs supervised release, 18 U.S.C.A. § 3583 (West 2000 & Supp. 2004), was not affected by Booker.  Booker, 125 S. Ct. at 764-68.  Finally, the change effected by Booker--making the Sentencing Guidelines merely advisory--was not a change in the manner in which the Guidelines were applied to revocations of supervised release pre-Booker.  See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) ("Chapter 7's policy statements are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings.").

We accordingly affirm the order of the district court revoking Brown's supervised release and imposing a term of eighteen months of imprisonment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -